IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
      LIABILITY LITIGATION CASES

MDL DOCKET NO. 875

**<u>MASTER ANSWER OF DEFENDANT CROWN CORK & SEAL COMPANY, INC.
TO PLAINTIFFS' MASTER COMPLAINTS WITH RESPECT
TO "PRODUCT DEFENDANTS"</u>**

**Jury Demand Endorsed Hereon**

Now comes Defendant Crown Cork & Seal Company, Inc. (hereinafter "Crown"), by and through its counsel of record, and for its Master Answer to Plaintiffs' Complaints against "Product Defendants" states the following:

1. Denies Paragraph 1 and each and every allegation contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

2. Denies Paragraph 2 and each and every allegation contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

3. Denies Paragraph 3 and each and every allegation contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

4. Denies Paragraph 4 and each and every allegation contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

5. Without intending to deny that Crown conducts business within the State of Ohio, all remaining allegations in Paragraph 5 are denied.

6. Denies Paragraph 6 and each and every allegation contained therein as related to this to this answering Defendant and further denies the remaining allegations set forth in Paragraph 6 as related to all other named Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

7. Denies Paragraph 7 and each and every allegation contained therein as related to this to this answering Defendant and further denies the remaining allegations set forth in Paragraph 7 as related to all other named Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

8. Denies Paragraph 8 and each and every allegation contained therein as related to this to this answering Defendant and further denies the remaining allegations set forth in Paragraph 8 as related to all other named Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

9. Denies Paragraph 9, and each and every allegation contained therein, for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

10. Denies Paragraph 10 and each and every allegation contained therein as related to this to this answering Defendant and further denies the remaining allegations set forth in Paragraph 10 as related to all other named Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

11. Denies Paragraph 11 and each and every allegation contained therein as related to this to this answering Defendant and further denies the remaining allegations set forth in

Paragraph 11 as related to all other named Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

12. Denies Paragraph 12 and each and every allegation contained therein as related to this to this answering Defendant and further denies the remaining allegations set forth in Paragraph 12 as related to all other named Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

13. Denies Paragraph 13 and each and every allegation contained therein as related to this to this answering Defendant and further denies the remaining allegations set forth in Paragraph 13 as related to all other named Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

14. Denies Paragraph 14 and each and every allegation contained therein as related to this to this answering Defendant and further denies the remaining allegations set forth in Paragraph 14 as related to all other named Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

15. Denies Paragraph 15 and each and every allegation contained therein as related to this to this answering Defendant and further denies the remaining allegations set forth in Paragraph 15 as related to all other named Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

16. Denies Paragraph 16 and each and every allegation contained therein as related to this to this answering Defendant and further denies the remaining allegations set forth in Paragraph 16 as related to all other named Defendants for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

## AFFIRMATIVE DEFENSES

17.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted as against this answering Defendant.

18.     Defendant Crown Cork & Seal Company, Inc. (hereinafter "Crown") has never manufactured, sold or distributed asbestos or asbestos-containing products or materials.

19.     This Court lacks jurisdiction over the subject matter of the within action.

20.     This Court lacks jurisdiction over the person of this answering Defendant.

21.     Crown reserves the right to assert improper venue.

22.     Raised as a defense to Plaintiffs' claims are insufficiency of process and/or insufficiency of service of process upon answering Defendant.

23.     Crown denies that Plaintiffs sustained any injuries, illness or damages which were caused or produced by any products manufactured, sold or distributed by Crown.

24.     To the extent Plaintiffs and/or Plaintiffs' decedent(s) knew of the dangers associated with asbestos, the claims alleged in the Complaint(s) are barred in whole or in part by Plaintiffs' or Plaintiffs' decedent(s)' voluntarily assumption of known risk of harm or a risk of harm of which Plaintiffs or Plaintiffs' decedents knew or should have known.

25.     If a claim would exist against Crown, which it denies, that claim is barred by the applicable statutes of limitations and/or laches.

26.     If Plaintiffs sustained any injuries or damages, said injuries or damages were due to the action and/or inaction of third persons or entities over whom this answering Defendant had no control and/or no right to control.

27. While expressly denying that it was in any manner negligent, should the trier of fact determine otherwise, then this answering Defendant asserts that the doctrine of comparative negligence applies to all aspects of Plaintiffs' claims.

28. Plaintiffs' claims may be barred by applicable Workers' Compensation Laws.

29. If any damages are recoverable against this answering Defendant, which it denies, punitive and/or exemplary damages are not a proper item of damages.

30. This answering Defendant reserves the right to assert that Plaintiffs have failed to join all parties necessary for a just adjudication of this action.

31. This answering defendant reserves the right to assert that the injuries and damages of which Plaintiffs complain, if any, were the result of superseding and/or intervening acts for which this answering Defendant had no responsibility, should discovery reveal facts supportive of said defense.

32. Plaintiffs' claims are barred by the provisions of Ohio Revised Code **§**2307.97.

33. Plaintiffs have failed to mitigate their alleged injuries and damages.

34. Defendant reserves the right to assert that the products of which Plaintiffs complain were abused, misused, or otherwise substantially changed or altered by persons or parties other than this answering Defendant in that said answering Defendant is not liable for those products.

35. If it is shown that Plaintiffs' decedent(s) used any asbestos-containing product for which this answering Defendant has liability, which is specifically denied, and if it is shown that such product was supplied to, by or on behalf of the United States government, then answering Defendant raises any immunity from suit or liability conferred upon the United States government and/or answering Defendant which may arise under the circumstances.

36. This answering Defendant reserves the right to assert that if any product of which Plaintiffs complain and for which it is alleged that this answering Defendant has responsibility to the extent that that product was provided and/or used in compliance with governmental and/or private contract specifications, the government's knowledge of the potential dangers related to the use of said product(s) was greater than the knowledge of any entity for whom it is alleged that this answering Defendant has responsibility and thus answering Defendant is immune from any liability for any damages suffered by Plaintiffs' decedent(s) as a consequence of any exposure to asbestos contained in any such product(s).

37. If Plaintiffs' decedent(s) sustained the injuries and/or damages alleged, which is specifically denied, then said injuries and/or damages were proximately caused by the act and/or omissions of Plaintiffs' decedent's or decedents' employers with respect to the maintenance of a healthy and safe work site and environment which were under such employers' exclusive control and possession.

38. Plaintiffs' decedent(s) and/or his employers were sophisticated users of or learned intermediaries, with respect to the use of the products to which Plaintiffs' decedent(s) was allegedly exposed. If there was any duty to warn or provide protection, it was the duty of Plaintiffs or Plaintiffs' decedents' employers. Therefore, this answering Defendant is not liable to Plaintiffs.

39. This answering Defendant is entitled to have any award against it in favor of the Plaintiff(s) reduced by the amount of any present or future compensation which Plaintiff(s) have received or will receive from any bankruptcy trust based on exposure to asbestos.

40. Plaintiffs have failed to plead special matters in accord with Fed.R.Civ.P. 9(B), (F) and (G) to the prejudice of answering Defendant.

41. Plaintiffs' claims may be pre-empted in whole or in part by federal and/or state statutes and/or regulations.

42. This answering Defendant is entitled to a set-off from any verdict to judgment entered against it, of any amount paid to Plaintiff(s) by any other person or entity, pursuant to Ohio Revised Code §2307.28.

43. This Defendant is also entitled to an apportionment of liability to non-parties pursuant to Ohio Revised Code §2307.23.

44. The injuries or damages of which Plaintiffs complain are attributable to one or more persons from whom the Plaintiff(s) did not seek recovery in this action. (Ohio Revised Code §2307.23(C)).

45. All and/or part of the injuries and/or damages alleged in Plaintiffs' Complaint were caused by the acts and omissions of another or others, whose conduct this answering Defendant had no reason to anticipate and for whose conduct this answering Defendant is not responsible. (Ohio Revised Code §2307.22 *et seq.*)

46. Plaintiffs have failed to comply with Ohio Revised Code §2307.92 and Plaintiffs' claims are therefore barred.

47. Plaintiffs have failed to comply with Ohio Revised Code §2307.93 and Plaintiffs' claims are therefore barred.

48. This answering Defendant reserves the right to assert further affirmative defenses should discovery reveal facts supportive of the same.

WHEREFORE, having fully answered, Defendant Crown Cork & Seal Company, Inc. demands that Plaintiffs' Complaint be dismissed as to it and that it recover its costs herein.

Respectfully submitted,

*/s/ Beth A. Sebaugh*
BETH A. SEBAUGH   (0008518)
Bonezzi Switzer Murphy Polito & Hupp Co. L.P.A.
1300 East 9th Street, Suite 1950
Cleveland, Ohio  44114
Phone  (216) 875-2767
Fax     (216) 875-1570
Email  bsebaugh@bsmph.com
*Attorney for Defendant*
*Crown Cork & Seal Company, Inc.*

## JURY DEMAND

Defendant Crown Cork & Seal Company, Inc. herein respectfully requests a Trial by jury in the maximum number allowed by law at the time of the Trials of the within matters.

*/s/ Beth A. Sebaugh*
BETH A. SEBAUGH   (0008518)
*Attorney for Defendant*
*Crown Cork & Seal Company, Inc.*

## CERTIFICATE OF SERVICE

The foregoing has been electronically filed and served on all parties of record pursuant to the Court's electronic filing system on this _____ day of January 2012.

*/s/ Beth A. Sebaugh*
BETH A. SEBAUGH   (0008518)
*Attorney for Defendant*
*Crown Cork & Seal Company, Inc.*